## MILLER v VARILEK

Docket No. 54679. Submitted February 3, 1982, at Grand Rapids.— Decided June 10, 1982. Leave to appeal applied for.

Plaintiffs, Floyd E. and Jean E. Miller, purchased lakefront property from defendants, Stephan and Frances Varilek and Gerald L. McClure. Upon taking possession, plaintiffs discovered that the toilet overflowed when flushed. An inspection of the property disclosed that the septic system was inoperable because the water level in the area of the drain field was only 16 inches below ground level. According to county standards, the bottom of a drain bed was required to be four feet above the ground water level. Defendants do not dispute that the septic system was inoperable when plaintiffs took possession of the property, but they contend that were unaware of the problem. Plaintiffs brought an action in the Mecosta Circuit Court seeking rescission of the land contract. Defendants counterclaimed for foreclosure due to plaintiffs' default in making payments on the land contract. County health officials testified at trial that the premises were uninhabitable with the nonfunctioning septic system. Defendants offered evidence that at least two alternative systems of sewage disposal were available to plaintiffs. A Wisconsin mound system could have been installed if plaintiffs obtained additional land. According to the testimony of defendants' attorney, the private road adjacent to the property was available to plaintiffs to construct such a system if plaintiffs were able to obtain the consent of all of the subdivision property owners. In addition, a sealed system, or holding tank, was a possible alternative, although such a system would have to have been constructed primarily above ground due to the high water table and the potential problem of the tank's popping out of the ground. The trial court refused

REFERENCES FOR POINTS IN HEADNOTES

[1] 77 Am Jur 2d, Vendor and Purchaser §§ 54, 56.
[2] 17 Am Jur 2d, Contracts §§ 143, 145, 148.
[3] 77 Am Jur 2d, Vendor and Purchaser §§ 57, 538.
[4] 77 Am Jur 2d, Vendor and Purchaser § 60.
[5] 17 Am Jur 2d, Contracts § 102.
[6] 77 Am Jur 2d, Vendor and Purchaser §§ 538, 539, 608.

to grant rescission and ordered foreclosure on the land contract, reasoning that defendants were unaware of the problem and that plaintiffs could have discovered it if they had made a reasonable inspection. Therefore, on the basis of caveat emptor, plaintiffs were not entitled to rescission. In addition, the trial court accepted as true defendant McClure's testimony that the property had value without a functioning septic system. Plaintiffs took no appeal from that order. The property was subsequently sold at public auction to defendants for $12,000. A deficiency judgment against plaintiffs was entered in the amount of $6,818.31. Plaintiffs filed a motion for relief from judgment. The trial court, Lawrence C. Root, J., denied the motion. Plaintiffs appealed. *Held:*

Plaintiffs were entitled to relief from the judgment based on a mistake of law. Plaintiffs were entitled to rescission based on mutual mistake or failure of consideration. The intended use of property is a basic, essential or material element of a contract for the sale of real estate. Generally, courts have allowed rescission of a land contract where the quality of a mistake was such that it resulted in a conveyance of essentially different property than originally contemplated by the contracting parties. Further, equity will grant relief from a contract where the consideration is so inadequate as to shock the conscience of the court.

Judgment vacated and case remanded.

1. CONTRACTS — VENDOR AND PURCHASER — LAND CONTRACTS — MUTUAL MISTAKE — RESCISSION.

Michigan courts recognize mutual mistake as a ground for rescission of a contract, including land contracts.

2. CONTRACTS — RESCISSION — MUTUAL MISTAKE.

A mutual mistake as to the subject matter of a contract is ground for rescission of the contract unless the injured party can be adequately compensated for the mistake.

3. VENDOR AND PURCHASER — LAND CONTRACTS — RESCISSION — MISTAKE.

Generally, courts have allowed rescission of a land contract where the quality of a mistake was such that it resulted in a conveyance of essentially different property than orginally contemplated by the contracting parties; rescission has generally been denied where the property conveyed was in essence identical to that contracted for.

4. VENDOR AND PURCHASER — CONTRACTS — REAL PROPERTY.
   The intended use of property is a basic, essential or material element of a contract for the sale of real estate.

5. CONTRACTS — CONSIDERATION — ADEQUACY — COURTS — EQUITY.
   Generally, courts will not inquire into the adequacy of consideration in an agreed-upon exchange; equity will, however, grant relief where the inadequacy of consideration is so gross as to shock the conscience of the court.

6. VENDOR AND PURCHASER — LAND CONTRACTS — RESCISSION.
   The recognized justifications for rescission of a land contract are mutual mistake, failure of consideration, or misrepresentation.

*Allaben, Massie, Vander Weyden & Timmer* (by *Timothy J. Miner),* for plaintiffs.

*Wernette & Vermeer,* for defendants.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. Plaintiffs appeal as of right from an October 24, 1980, order denying their motion for relief from judgment.

Plaintiffs purchased lakefront property from defendants. Upon taking possession, plaintiffs discovered that the toilet overflowed when flushed. An inspection of the property disclosed that the septic system was inoperable because the water level in the area of the drain field was only 16 inches below ground level. According to county standards, the bottom of a drain bed was required to be four feet above the ground water level. Defendants do not dispute that the septic system was inoperable when plaintiffs took possession of the property. However, defendants contend they were unaware of the problem. Plaintiffs brought suit seeking rescission of the land contract. Defendant counter-

claimed for foreclosure due to plaintiffs' default in making payments on the land contract.

County health officials testified at trial that the premises were uninhabitable with the nonfunctioning septic system. Defendants offered evidence that at least two alternative systems of sewage disposal were available to plaintiffs. A Wisconsin mound system could have been installed if plaintiffs obtained additional land. According to the testimony of defendants' attorney, the private road adjacent to the property was available to plaintiffs to construct such a system if plaintiffs were able to obtain the consent of all of the subdivision property owners. In addition, a sealed system, or holding tank, was a possible alternative, although such a system would have to have been constructed primarily above ground due to the high water table and the potential problem of the tank's popping out of the ground.

The trial court refused to grant rescission and ordered foreclosure on the land contract. The trial court reasoned that defendants were unaware of the problem and that plaintiffs could have discovered it if they had made a reasonable inspection. Therefore, on the basis of caveat emptor, plaintiffs were not entitled to rescission. In addition, the trial court accepted as true defendant McClure's testimony that the property had value without a functioning septic system. Therefore, the trial court found that there was no failure of consideration. Judgment of foreclosure was entered on February 28, 1980. Plaintiffs took no appeal from that order. The property was subsequently sold at public auction to defendants for $12,000. A deficiency judgment against plaintiffs was entered in the amount of $6,818.31.

On September 9, 1980, plaintiffs filed a motion

for relief from judgment. The trial court denied the motion and ordered that plaintiffs pay defendants' costs associated with defending the motion. Plaintiffs appeal from the trial court's denial of that motion.

Our review is limited to a determination of whether the trial court abused its discretion in denying plaintiffs' motion for relief from judgment. *Jachim v Coussens,* 88 Mich App 648; 278 NW2d 708 (1979). Plaintiffs' motion was brought under GCR 1963, 528.3 which states as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under sub-rule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment order or proceeding was entered or taken. A motion under sub-rule 528.3 does not affect the finality of a judgment or suspend its operation."

The rule provides broadly for discretionary relief from a final judgment upon any grounds that would establish the injustice of permitting the judgment to stand and provides the mechanism by which the court is permitted to exercise its discretion in striking a balance between the desire to

achieve finality and to remedy injustice. *Cooper v Automotive Finishes, Inc,* 109 Mich App 530, 533; 311 NW2d 414 (1981). We find the trial court's denial of the motion to be an abuse of discretion as it is clear that the original judgment was based upon a mistake of law. In this regard we find *Lenawee County Board of Health v Messerly,* 98 Mich App 478; 295 NW2d 903 (1980), *lv gtd* 411 Mich 900 (1981), instructive.

In *Lenawee,* a case factually similar to the instant case, we reversed the trial court's judgment of no cause of action and foreclosure of a land contract. In *Lenawee,* the Pickleses executed a land contract to purchase certain income property from the Messerlys. A few days later, the Pickleses visited the property to meet the tenants and, while walking the property, discovered raw sewage surfacing at the northeast corner of the barn. A sanitation expert was contacted, tests were run, and the Lenawee County Health Department condemned the property as unfit for human habitation. The health department brought an action against the Messerlys. The Messerlys filed a cross-complaint against the Pickleses for foreclosure because they had discontinued payments on the land contract. The Pickleses counterclaimed, alleging failure of consideration, failure to disclose, misrepresentation, and wilful concealment. The Pickleses sought rescission of the land contract and restitution. The trial court determined that the Pickleses had no cause of action against the Messerlys and ordered foreclosure of the land contract. This Court reversed.

Acknowledging that there was no evidence to show that the Messerlys were aware of the problem, this Court held that rescission was warranted on the basis of mutual mistake as to the subject

matter of the contract. This Court also found that the mutual mistake argument was closely tied to the plaintiffs' claim of failure of consideration and, regardless of which theory was used, rescission was available. This Court found that the Messerlys intended to sell and the Pickleses intended to purchase rental income property. However, the Pickleses received property with *no* value, either as income property or as a single family residence. the trial court found the property was of no value because the property had been condemned by the health department as unfit for human habitation. In addition, the evidence disclosed that the property was not large enough to accommodate an acceptable drain field for a sanitary disposal system and the only alternative available was a "pump and haul" (holding tank) system. The annual cost of such a system would have been more than double the annual net income of the property. In *Lenawee,* this Court concluded that whether the issue was stated in terms of mutual mistake, failure of consideration, or innocent misrepresentation, the facts disclosed that the purchasers had agreed to pay a great deal of money for something, rental property, which did not in fact exist.

We find that the decision in *Lenawee* requires a finding in the instant case that rescission was proper on the basis of mutual mistake or failure of consideration. The fact that in *Lenawee* the property in question was rental property while the property here is residential property is a distinction without a difference. The evidence in the instant case, just as in *Lenawee,* disclosed that the property was unfit for human habitation even though here it had not been formally condemned. Also in this case, like in *Lenawee,* the purchasers

paid money for useless property. Finally, just as in *Lenawee,* the property in question here was not large enough to accommodate an acceptable septic system, and a holding tank was the only alternative. We found in *Lenawee* that the annual cost of such a system would exceed double the annual net income of the property and was therefore unfeasible. In the instant cae, there is no income to cover the cost of such a system.

Therefore, we hold that the trial court erred in refusing to grant plaintiffs' motion to set aside the judgment. Rescission of the land contract should have been granted. The judgment is hereby set aside and the case is remanded for entry of an order consistent with this opinion.