MILLER v VARILEK (ON REMAND)

Docket No. 71552. Submitted May 26, 1983, at Lansing.—Decided October 12, 1983.

Plaintiffs, Floyd E. and Jean E. Miller, purchased by land contract lakefront property from defendants, Stephen and Frances Varilek and Gerald L. McClure. Upon taking possession, plaintiffs discovered that the septic system was inoperable because of a high water level in the area of the drain field. Plaintiffs brought an action in Mecosta Circuit Court for rescission of the land contract. Defendants counterclaimed for foreclosure of the land contract. After a hearing, the trial court, Lawrence C. Root, J., refused to grant rescission and ordered foreclosure on the land contract. The property was sold at public auction to defendants. A deficiency judgment was entered against plaintiffs in the amount of $6,818.31. Plaintiffs filed a motion for relief from the deficiency judgment. The trial court denied the motion for relief from that judgment. Plaintiffs appealed from the denial of that motion. The Court of Appeals set aside the judgment on the basis that rescission of the land contract should have been granted. 117 Mich App 165 (1982). Defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded to the Court of Appeals "for reconsideration in light of *Lenawee County Board of Health v Messerly,* 417 Mich 17 (1982)". 417 Mich 998 (1983). Now *held:*

The offer to purchase contained a clause which provided that the buyer had personally examined the property and agreed to accept the property in that condition. That language in the offer to purchase constituted an agreement to allocate the risk of loss to the buyer for any mutual mistake as to the condition of the property. The trial court's denial of rescission was proper. Accordingly, the trial court's denial of plaintiffs' motion for relief from the deficiency judgment was proper.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

77 Am Jur 2d, Vendor and Purchaser §§ 51, 538.

Mutual mistake as to physical condition of realty as ground for rescission. 50 ALR3d 1188.

VENDOR AND PURCHASER — CONTRACTS — LAND CONTRACTS — MIS-
    TAKE — RESCISSION — RISK OF LOSS.

  Rescission of a land contract on the basis of a mutual mistake as
  to the condition of the property at the time of sale is properly
  denied where the buyer indicates that he has personally exam-
  ined the property and agrees to accept the property in its
  present condition; under such circumstances, the parties have
  clearly agreed that the risk of loss caused by an unknown
  condition of the property shall be assigned to the buyer.

*Allaben, Massie, Vander Weyden & Timmer* (by
*Timothy I. Miner),* for plaintiffs.

*Wernette & Vermeer* (by *Martin Wernette),* for
defendants.

ON REMAND

Before: ALLEN, P.J., and R. B. BURNS and J. H.
GILLIS, JJ.

PER CURIAM. This case was remanded to this
Court by the Supreme Court for reconsideration in
light of *Lenawee County Board of Health v Mes-
serly,* 417 Mich 17; 331 NW2d 203 (1982). *Miller v
Varilek,* 417 Mich 998 (1983).

The facts are sufficiently presented in our origi-
nal opinion, *Miller v Varilek,* 117 Mich App 165;
323 NW2d 637 (1982).

In *Lenawee, supra,* pp 31-33, the Supreme Court
discussed when rescission of a contract should be
granted:

"A court need not grant rescission in every case in
which the mutual mistake relates to a basic assumption
and materially affects the agreed performance of the
parties.

"In cases of mistake by two equally innocent parties,
we are required, in the exercise of our equitable powers,

to determine which blameless party should assume the loss resulting from the misapprehension they shared. [Footnote omitted.] Normally that can only be done by drawing upon our 'own notions of what is reasonable and just under all the surrounding circumstances'.[14]

"Equity suggests that, in this case, the risk should be allocated to the purchasers. We are guided to that conclusion, in part, by the standards announced in § 154 of the Restatement of Contracts 2d, for determining when a party bears the risk of mistake. * * * Section 154(a) suggests that the court should look first to whether the parties have agreed to the allocation of the risk between themselves. While there is no express assumption in the contract by either party of the risk of the property becoming uninhabitable, there was indeed some agreed allocation of the risk to the vendees by the incorporation of an 'as is' clause into the contract which, we repeat, provided:

" 'Purchaser has examined this property and agrees to accept same in its present condition. There are no other or additional written or oral understandings.'

"That is a persuasive indication that the parties considered that, as between them, such risk as related to the 'present condition' of the property should lie with the purchaser. If the 'as is' clause is to have any meaning at all, it must be interpreted to refer to those defects which were unknown at the time that the contract was executed.[15] Thus, the parties themselves assigned the risk of loss to [the purchasers].[16]

---

"[14] *Hathaway v Hudson* [256 Mich 694, 702; 239 NW 859 (1932)], quoting 9 CJ, p 1161.

"[15] An 'as is' clause waives those implied warranties which accompany the sale of a new home, *Tibbitts v Openshaw,* 18 Utah 2d 442; 425 P2d 160 (1967), or the sale of goods. MCL 440.2316(3)(a); MSA 19.2316(3)(a). Since implied warranties protect against latent defects, an 'as is' clause will impose upon the purchaser the assumption of the risk of latent defects, such as an inadequate sanitation system, even when there are no implied warranties.

"[16] An 'as is' clause does not preclude a purchaser from alleging fraud or misrepresentation as a basis for rescission. See 97 ALR2d 849. However, [purchasers] did not appeal the trial court's finding that there was no fraud or misrepresentation, so we are bound thereby."

Taking the analysis in the instant case one step further, we must decide whether the parties agreed to the allocation of the risk between themselves.

In the instant case, the offer to purchase contained the following clause:

"Buyer has personally examined this property and agrees to accept same in its present condition except as may be specified herein and agrees that there are no other or additional written or oral understandings."

Based on *Lenawee, supra,* which was handed down after our prior opinion in this matter, and the language in the offer to purchase, we reverse our original position and now hold that the trial court did not err by denying plaintiffs' motion for relief from judgment.

Affirmed.