BRITTON v PARKIN

Docket No. 106095. Submitted December 13, 1988, at Lansing. Decided April 4, 1989.

Plaintiffs, Earl J. Britton and Patricia A. Britton, purchased a parcel of land from defendants Clarence A. Parkin and Edna Parkin on land contract. The listing agreement and advertising regarding the property stated that it was zoned commercial. Defendants also furnished plaintiffs with drawings dividing the property for commercial use. Apparently, there was a mutual mistake, as the land was actually zoned residential-agricultural. Plaintiffs brought an action in the Genesee Circuit Court seeking rescission of the land contract on the ground of mutual mistake. The realtor handling the sale, Barry Young and Company, and Barry Young, personally, were joined as defendants. The trial court, Thomas C. Yeotis, J., determined that a mutual mistake had occurred and granted rescission of the contract, returning the parties to the status quo ante. The Parkins appealed.

The Court of Appeals *held:*

Rescission is justified in cases of innocent misrepresentation if a party innocently relies upon the misstatement. The trial court's decision to grant rescission and return the parties to the status quo ante was equitable.

Affirmed.

1. CONTRACTS — MISTAKE — RESCISSION.

Rescission of a contract is a proper remedy where in the sound discretion of the trial court a mutual mistake has been made.

2. CONTRACTS — MISTAKE — RESCISSION.

Rescission of a contract is justified in cases of innocent misrepresentation if a party innocently relies upon the misstatement.

3. CONTRACTS — MISTAKE.

A contractual mistake is a belief that is not in accord with the

REFERENCES

Am Jur 2d, Contracts §§ 143-150, 482 *et seq.*

Vendor and purchaser: mutual mistake as to physical condition of realty as ground for rescission. 50 ALR3d 1188.

facts; it must relate to a fact in existence at the time the contract is executed; it must relate to a basic assumption of the parties upon which the contract is made and which materially affects the agreed performance of the parties.

*Jon J. Lawniczak, P.C.* (by *Jon J. Lawniczak*), for Earl and Patricia Britton.

*Sullivan, Stauch & Mohl* (by *Charles G. Mohl, II*), for Clarence and Edna Parkin.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore & Sills, P.C.* (by *Robert D. Brignall*), for Barry Young and Barry Young and Company.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

PER CURIAM. Defendants Clarence and Edna Parkin appeal as of right a judgment of the Genesee Circuit Court rescinding a land contract entered into between the parties. We affirm.

On September 18, 1979, plaintiffs purchased a parcel of land in Atlas Township, Genesee County, from defendants Clarence and Edna Parkin on land contract. The realtor handling the sale, Barry Young and Company, and Barry Young, personally, were joined as defendants.

What attracted plaintiff Earl Britton to the property was a sign which advertised "Commercial Property For Sale." He assumed the zoning to be commercial as he owned a building in the vicinity which was zoned commercial. Britton entered into the transaction for the purposes of developing the land and dividing it into parcels. There was an old farmhouse on the land in which Britton was not interested. He did, however, make improvements

* Circuit judge, sitting on the Court of Appeals by assignment.

to the house, lived in it for a short while and eventually leased it.

Defendant Clarence Parkin also believed the property to be zoned commercial as he had inquired of the township supervisor and had been informed that the parcel was zoned commercial.

Plaintiffs listed the property after they acquired it. In the listing they described the parcel as commercial property. They obtained one offer, but the prospective buyer determined that the land was actually zoned residential-agricultural and the offer was cancelled. Plaintiffs were thereby apprised that they were mistaken in their assumption that the zoning was commercial.

Plaintiffs brought suit on the theories of fraud and misrepresentation. In the course of trial, these theories were changed to mutual mistake and rescission.

The matter was scheduled for a nonjury trial on liability before Judge Thomas C. Yeotis of the Genesee Circuit bench.

After hearing testimony and receiving briefs of counsel, Judge Yeotis determined that, indeed, the parties had made a mutual mistake, that rescission of the contract was the proper remedy, and that the parties should be returned to the status quo ante. In support of his decision, Judge Yeotis cited *Lenawee Co Bd of Health v Messerly,* 417 Mich 17; 331 NW2d 203 (1982), and *Miller v Varilek,* 117 Mich App 165; 323 NW2d 637 (1982).[1]

If in the sound discretion of the trial court a mutual mistake has been made, rescission is a proper remedy. *Dingeman v Reffitt,* 152 Mich App 350, 355; 393 NW2d 632 (1986).

In *Lenawee, supra,* 417 Mich 24, our Supreme

---

[1] *Miller* was reversed on other grounds in *Miller v Varilek (On Remand),* 129 Mich App 703; 342 NW2d 94 (1983).

Court cites 1 Restatement Contracts, 2d, ¶ 151, p 383, for the rule that a contractual mistake must be a belief that is not in accord with the facts and it must relate to a fact in existence at the time the contract is executed. Secondly, the mistake must relate to a "basic assumption of the parties upon which the contract is made, and which materially affects the agreed performances of the parties." *Garb-Ko, Inc v Lansing-Lewis Services, Inc,* 167 Mich App 779, 784; 423 NW2d 355 (1988), citing *Lenawee, supra,* 417 Mich 29-30.

Defendants contend that a clause in the contract of sale which reads "subject to all applicable building and use restrictions and easement, if any" is an exculpatory clause which by agreement of the parties placed the risk of a mistake in zoning on the purchaser.

The decision in *Lenawee* turned on a clause which provided: "Purchaser has examined this property and agrees to accept same in its present condition. There are no other or additional written or oral understandings." *Lenawee, supra,* 417 Mich 32.

However, in this case there were additional representations in the listing agreement and advertising that the land was zoned commercial. Further, defendants furnished plaintiffs with drawings dividing the property for commercial use. These understandings and representations distinguish this case from *Lenawee and Miller v Varilek (On Remand),* 129 Mich App 703; 342 NW2d 94 (1983).

We believe that the better rule is one providing that rescission is justified in cases of innocent misrepresentation if a party innocently relies upon the misstatement. The theory underlying this rule is that the party responsible for the misstatement would be unjustly enriched if he were not held

accountable for his misrepresentation, even though innocently made. This rule works to deny a seller the benefit of his bargain when the benefit is derived at the expense of the buyer who is misinformed by the seller. *Shore Builders, Inc v Dogwood, Inc,* 616 F Supp 1004, 1012 (D Del, 1985).

Here, the misrepresentation, albeit innocent, was made first in the real estate listing by defendants, and it was compounded with advertising and further sales encouragements.

Under these circumstances the trial court's decision to grant rescission and return to the status quo ante was equitable.

Affirmed.