572 So.2d 996 (1990)
Robert REVITZ, Appellant,
v.
Roy A. TERRELL, Jr., Charlyne S. Terrell, A.F. "Jerry" Egan, Inc., and Faye Buchanan, Jointly and Severally, Appellees.
Nos. 88-3097, 89-293.
District Court of Appeal of Florida, Third District.
December 26, 1990.
Michael Tarre, Beckmeyer and Mulick, Tavernier, Robin Greene, Miami, for appellant.
Grossman & Roth and Paul J. Levine, Miami, for appellees.
Before BARKDULL, NESBITT and FERGUSON, JJ.

ON MOTION FOR CLARIFICATION
FERGUSON, Judge.
Revitz appeals from a final judgment for the defendants on his complaint for rescission of a real estate contract and damages. The complaint alleged fraudulent misrepresentations and nondisclosure, or, mutual mistake concerning building code violations and the availability of low-price flood insurance.
Revitz purchased a house in the Florida Keys in 1986. The house was built in 1979. It is undisputed that the original owner, who was also the builder, fraudulently obtained a building permit for the house by stating that the ground floor was to be used for only parking and storage. Local *997 flood zone ordinances required the habitable areas of the home to be at least fifteen feet above sea level. In violation of the building permit, the original owner had constructed a finished bedroom, fireplace, and bathroom on the ground floor which is only four feet above sea level. The original owner also falsified the application for the federal flood insurance program, FEMA, which, as a condition for insurance, required the first habitable level of the house to be at least eleven feet above sea level. The falsified application represented that the elevation level of the first habitable floor was over fourteen feet. Based on that information, flood insurance was issued for a premium rate of $350 per year.
The original owner later sold the house to the Terrells who assumed the existing policy of flood insurance. When they assumed the policy, the Terrells continued the fraud, as the trial court found, by falsely informing the insurance agent that the ground floor was used only for storage and parking. The policy was therefore continued at the existing policy premium rate of $350 per year.
In 1985, the Terrells listed their home for sale with Faye Buchanan and her company, Egan Realty. Buchanan lived only a few houses away from the Terrells and testified at trial that she was familiar with local building ordinances and knew that the property was located in a flood zone. Revitz testified that when Buchanan first showed him the house, he asked her why all the other houses on the street were on stilts, that Buchanan misinformed him, intentionally or negligently, that the house was built prior to the regulations controlling elevation, and that she also told him that the flood insurance premium on the house was approximately $350 per year. Buchanan, allegedly, never advised Revitz that the home was in a special flood hazard area or that the enclosed first floor violated local ordinances. Buchanan disputed most of Revitz's key testimony.
Revitz purchased the property and renewed the existing policy of flood insurance. After he moved in, at the request of the bank which held his mortgage, Revitz obtained a floor elevation certificate. The certificate showed the first habitable living area elevation level as slightly over four feet. When neighbors suggested that the elevation of the house was "improper" for flood insurance purposes, Revitz called his insurance agent and provided him with the true base-floor elevation level. The insurance agent informed Revitz that someone had lied about the elevation in order to obtain flood insurance and that due to the low elevation level of the first-floor enclosure, any flood loss would not be covered under the policy.[1] The agent further advised Revitz to inform the insurance carrier about the first-floor enclosure since concealment of the true facts could cause a voidance of the policy.[2] Revitz requested a quote for flood insurance based on the true information and was told that the premium would be $36,000 a year. He then brought this action against the Terrells and the real estate broker. The federal flood insurance policy was allowed to lapse.
At trial, a principal defense raised was that there was no fraud because neither the Terrells nor their agent was obligated to disclose the facts concerning the building code violations, illegal elevation, or flood insurance, because any such representations were not material. After reviewing the exhaustive findings in the final judgment, we reverse on grounds that the trial court misconstrued Florida law regarding fraudulent nondisclosure in the sale of real property.
The leading Florida case on rescission of real estate contracts based on fraud or nondisclosure is Johnson v. Davis, 480 So.2d 625 (Fla. 1985). The supreme court *998 held in that case that "where the seller of a home knows of facts materially affecting the value of a property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer." Id. at 629.
In this case the court found that the building code violations resulting in an illegal elevation and prohibitively expensive flood insurance were not material, as a matter of law, because the contract of sale did not address that subject. That is not the test for materiality in transactions of this nature. Johnson provides that any fact which substantially affects the value of the property is material. The undisputed and material facts presented at the nonjury trial are that the house is located in a flood zone, that it was built in violation of local ordinances regarding elevation, and that flood insurance would cost $36,000 per year because living quarters have been constructed on the ground floor. It follows that the house is actually worth less than a house identically constructed outside a flood zone, which could be insured for only $400 per year.
Although the Johnson court provided examples of the types of facts that a buyer has a duty to disclose, including leaking roofs, flooding, insect infestations, and cracks in walls and foundations, that list is not exclusive.[3] Courts in other jurisdictions have held that nonconformity of the property to local building ordinances and zoning laws is a material fact which must be disclosed.[4] It is also significant in this case that the purchaser, according to his testimony, would not have entered into the real estate contract if the true facts were known. See Hauben v. Harmon, 605 F.2d 920, 924 (5th Cir.1979) (under Florida law a fact is material if, but for the alleged nondisclosure or misrepresentation, the aggrieved party would not have entered into the contract).
The law was settled even before Johnson that where there is no duty on the seller to divulge material facts, once a seller makes representations regarding a condition, he is under a duty to disclose the complete truth. Ramel v. Chasebrook Constr. Co., 135 So.2d 876 (Fla. 2d DCA 1961); see generally W. Keeton Prosser and Keeton on the Law of Torts § 106, at 737 (5th ed. 1984). Assuming that the seller's agent knew, or reasonably should have known, that the $350 per annum flood insurance premium was based on a habitable elevation level of at least eleven feet, there was a duty to disclose that fact to the buyer.[5]
Appellees contend that even if the facts not disclosed were material, they were readily observable to the buyer. We hold, however, that even if the defect was apparent, Revitz's duty to exercise reasonable diligence was satisfied when he specifically inquired why other homes on the street were built on stilts.[6] Revitz was entitled to rely on the agent's representations that flood insurance would cost only *999 $400 annually  a representation by implication that the existence of living quarters on the ground floor presented no unusual insurance coverage problem. Besett v. Basnett, 389 So.2d 995 (Fla. 1980) (recipient may rely on truth of representation, even though its falsity could have been ascertained had he made investigation, unless he knows representations to be false or its falsity is obvious to him).
The trial court applied an incorrect test in concluding that certain facts were immaterial in that they were not addressed in the real estate contract. For that reason, the judgment must be reversed.[7]
Reversed and remanded for further consistent proceedings.
NOTES
[1] Whether a loss would be covered under the existing policy was a fact contested at trial.
[2] 18 U.S.C. § 1001, governing FEMA, provides in part, that:

whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies [or] conceals ... a material fact, or makes any false, fictitious or fraudulent statements or representation ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.
[3] For a discussion on the scope of the seller's duty to disclose facts, see Note Real Property  Seller's Liability for Nondisclosure of Real Property Defects, 14 Fla.St.U.L.Rev. 359 (1986).
[4] See e.g., Britton v. Parkin, 176 Mich. App. 395, 438 N.W.2d 919 (1989) (purchasers entitled to rescind real estate contract based on vendor's incorrect representations concerning zoning). Barder v. McClung, 93 Cal. App.2d 692, 209 P.2d 808 (1949) (kitchen built in violation of local zoning ordinance is material fact entitling buyer to rescission); Curran v. Heslop, 115 Cal. App.2d 476, 252 P.2d 378 (1953) (violation of building code is material fact affecting the desirability of property).
[5] The rule on fraudulent nondisclosure as stated in Johnson applies to real estate brokers. Rayner v. Wise Realty Co., 504 So.2d 1361 (Fla. 1st DCA 1987). See generally Annotation, Brokers Liability for Misrepresentation of Physical Defects, 46 A.L.R. 4th 546 (1986).
[6] The trial court made no finding as to whether the real estate agent had actual knowledge that the flood insurance premium was based on a habitable space elevation level of at least eleven feet. Based on evidence in the record, there is a material fact issue as to whether she knew, or should have known, that the $350 premium was out of line: (1) the agent was very familiar with local flood zone ordinances, (2) she lived only a few houses from the Revitz house, and (3) the Revitz house was the only one on the street not built on stilts. Our reversal, however, is based on the trial court's misinterpretation of Florida law.
[7] It is unnecessary to decide whether the trial court erred in requiring the plaintiff to elect  prior to trial  between the remedies of rescission and damages as it appears from the record that the issue was not preserved for review. See Barbe v. Villeneuve, 505 So.2d 1331, 1333 (Fla. 1987).