KHOUZAM, Judge.
 

 Thomas J. Brown and Pamela H. Brown appeal a final judgment against them for nondisclosure of defects in a home they sold to Louis B. Carter and Bonnie C. Carter. Because no competent, substantial evidence supported the trial court’s finding that the Browns had knowledge of and failed to disclose defects materially affecting the value of the home, we reverse.
 

 In 1997, the Browns remodeled their three-story Apollo Beach home. The contractor that did the remodeling work removed several interior walls on the second floor and installed three beams in the ceiling to add extra support. The Browns also built a pool and spa. During the installation of the pool, the pool contractor became concerned that the cutting of some cement underneath the house might create a structural problem and consulted with Samuel Greenberg, a structural engineer. Mr. Greenberg advised the pool contractor to install the pool at least five feet away from the footings. The Browns did not encounter any problems with the pool, and no work was done on the pool after its installation. However, approximately one year after the remodeling work was completed, the Browns noticed a hump in the third floor and a deflection in the ceiling of the second floor where the beams had been installed. The Browns did not fix the hump and deflection.
 

 On May 2, 2002, the Carters entered into an offer and acceptance agreement to purchase the Browns’ home. The Carters scheduled a home inspection and an inspection by a structural engineer. The home inspection report noted that a pool had been installed and that the ceramic tile and marcite were in good condition.
 
 *113
 
 The structural engineer’s report indicated that there was a visible deflection in a beam that supported an upper floor at the rear of the home. The report also noted that the home had been remodeled and that a bearing wall had been removed from the rear of the home. Both reports were provided to the Carters.
 

 On May 6, 2002, the Carters entered into a contract to purchase the Browns’ home for $925,000. Section L of the contract contained the following provision:
 

 12. PROPERTY CONDITIONS DISCLOSURE: Seller warrants that there are no facts known to Seller materially affecting the value of the subject real property which are not readily observable by Buyer and/or which have not been disclosed to Buyer.
 

 Section P of the contract, entitled SPECIAL, provided as follows:
 

 The property being purchased by Buyer, including the dwelling, other im-provemtnes (sic), fixtures, appliances and personal property, is not new, and is being purchased “AS IS.” Buyer has had the property inspected by persons of Buyer’s choice, at Buyer’s expense, and has determined that the property is in acceptable condition for purchase. It is understood that the Buyer accepts the property “as is.” ... The Seller has no further responsibility or liability with respect to the condition of the property....
 

 After moving into the home, the Carters discovered that the hump in the third floor and the deflection in the ceiling below had worsened and that the third floor was beginning to sag downwards. The Carters subsequently paid $307,102 to restore the structural integrity of the home. In August 2003, the Carters filed a complaint against the Browns alleging misrepresentation, promissory estoppel, and fraud in the inducement.
 

 The trial court found that the hump in the floor and deflection in the ceiling were obvious and were disclosed to the Carters. However, the court determined that the Browns were liable under
 
 Johnson v. Davis,
 
 480 So.2d 625 (Fla.1985), for failing to disclose the nature and extent of the work performed to install the pool. The court entered final judgment for the Carters and awarded them $307,102 in damages.
 

 On appeal, the Browns contend that the evidence was insufficient to support a finding of liability under
 
 Johnson.
 
 The Browns also argue that the trial court erred in allowing the Carters to amend the pleadings to conform to the evidence by adding a claim concerning the nondisclosure of the details of the pool installation. We find that the trial court did not err in this respect because the issue was tried by consent.
 
 See
 
 Fla. R. Civ. P. 1.190(b). However, we agree that there was no competent, substantial evidence to support a finding that the Browns knew there was a defect with the pool that materially affected the value of the property.
 

 In
 
 Johnson,
 
 the Florida Supreme Court held that “where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer.” 480 So.2d at 629.
 

 Here, no evidence was presented to show that the Browns knew that the installation of the pool had caused a structural problem. Thomas Brown testified that he was aware that the pool installation involved “some serious cutting of some cement underneath the house” and the pool contractor was concerned that this
 
 “might
 
 create a structural problem.” (Emphasis added.) He further testified that the pool contractor consulted with a structural en
 
 *114
 
 gineer but that he had no personal knowledge of what was done as a result of the consultation. The Browns did not encounter any problems with the pool from 1997 to 2002, when they lived in the home.
 

 Further, there was no competent, substantial evidence to support a finding that the installation of the pool actually affected the structural integrity of the home. Mr. Greenberg opined that the construction of the pool did not affect the structural integrity of the home because “[t]he pool was kept a significant distance away from the supporting members of the house.” The Carters’ structural engineer, Russell Ferli-ta, stated that the removal of the load-bearing wall caused the structural problems in the rear of the house while the original construction caused the structural problems in the front of the house.
 

 Arnold Hutchinson, a contractor hired by the Carters to fix the structural problems, was the only witness who indicated that the installation of the pool might have compromised the foundation of the house. Mr. Hutchinson testified that the installation “likely” involved excavating below the footings for a column that held up the rear of the house. He also speculated that the pool contractor might have improperly compacted the dirt while digging the pool. However, Mr. Hutchinson admitted that the problems could have been caused by “a number of reasons,” including the remodel and the removal of existing walls, and “could have been the sum of all components.” Thus Mr. Hutchinson’s testimony was insufficient to support a finding that the installation of the pool caused structural damage to the house.
 

 “Johnson
 
 does not convert a seller of a house into a guarantor of the condition of the house.”
 
 Slitor v. Elias,
 
 544 So.2d 255, 258 (Fla. 2d DCA 1989). As such, the trial court erred in finding that the Browns were obligated to disclose the nature and extent of the work performed to install the pool. Accordingly, we reverse the judgment on appeal and remand for the entry of judgment in favor of the Browns.
 

 Reversed and remanded.
 

 WALLACE, J., and CASE, JAMES R., Associate Senior Judge, Concur.