WALLACE, Judge.
Eric Jensen and Joyce Jensen appeal a final judgment awarding damages against them and in favor of Cynthia Bailey on her claim for the Jensens’ failure to disclose material defects in their residence to Mrs. Bailey under Johnson v. Davis, 480 So.2d 625 (Fla.1985). Because the circuit court found that the Jensens had no knowledge of the defects but improperly found the Jensens liable to Mrs. Bailey under a “should have known” standard, we reverse the final judgment.
I. THE FACTS AND THE PROCEDURAL BACKGROUND
In June 2005, the Jensens entered into a contract with Gene Bailey and Cynthia Bailey for the sale and purchase of the Jensens’ residence in St. Petersburg. Before the parties signed the contract, the Jensens filled out a property disclosure statement for the Baileys’ review. One of the questions on the disclosure statement asked whether the sellers were aware “of any improvements or additions to the property, whether by you or by others, that have been constructed in violation of building codes or without necessary per *982 mits?” In response to this question, the Jensens checked the “NO” box. The parties closed the sale in July 2005, and the Baileys took possession of the property.
Approximately two years later, the Baileys filed an action for damages against the Jensens. In their complaint, the Baileys alleged claims for breach of contract, nondisclosure of material defects in the residence under Johnson, and fraudulent concealment. The Jensens filed an answer denying the material allegations of the complaint and raised affirmative defenses. Mr. Bailey died while the action was pending in the circuit court, and Mrs. Bailey continued the action as the sole plaintiff.
II. THE CIRCUIT COURT’S VERDICT AND THE FINAL JUDGMENT
After a bench trial that lasted two days, the circuit court entered a detailed verdict in favor of Mrs. Bailey on her nondisclosure claim under Johnson. In the verdict, the circuit court ruled, in pertinent part, as follows:
At trial two main categories of problems emerged. One was the alleged defective sanitary sewer which caused reoccurring backups into the home. The other was a trio of unpermitted changes in the home which were discovered to be not in conformity with building codes and would thus require reconstruction.
After careful consideration the court finds the evidence insufficient to support [Mrs. Bailey’s] claims regarding the sewer system. On the other hand, the evidence was that ... the [Jensens] had substantial remodeling work done in their master bath, their kitchen[,] and in the bedroom by the installation of [F]rench doors. It was uncontroverted that these three jobs required proper permits. The evidence supports the
conclusion that neither the [Jensens] nor those who they hired obtained the permits. Expert testimony indicated that the work was not properly done, did not conform to the codes applicable when done[,] and would require reconstruction in full conformity with newer[,] more stringent codes.
There was no evidence that the [Jen-sens] actually knew about the failure to obtain permits or the improper work. They[,] like perhaps many trusting people, relied upon the individuals or companies they hired to do the work legally and in a proper fashion.
These facts presented a difficult question regarding the extent to which Florida law will protect a buyer in a residential real estate transaction from material defects which are not actually known to the seller but should have been known by them. As a practical matter, homeowners have a responsibility to obtain proper permits and generally can find no protection from their failure to do so because they merely relied on someone else to do so. Since such permits are required[,] it does not seem an unreasonable conclusion that the homeowner is likewise expected to know whether the permits were actually issued and posted for the construction. These logical assumptions appear to be the foundation for the questions presented to sellers in the typical real property disclosure forms. That is, the owner is expected to know about these important matters with regard to their property because they are in a position to need to know.
The circuit court concluded “that the proofs support a Johnson v. Davis claim [that] the [Jensens] should have known about the absence of permits and reported same in the disclosure statement. As a result[, Mrs. Bailey is] entitled to relief.” *983 Based on the verdict, the circuit court entered a final judgment in favor of Mrs. Bailey and against the Jensens for $33,370 in damages, plus $13,787.31 in prejudgment interest. The Jensens’ appeal followed, and Mrs. Bailey filed a cross-appeal.
III. THE PARTIES’ ARGUMENTS
On their direct appeal, the Jensens make several arguments. However, we need only address the Jensens’ argument that the circuit court erred in finding them liable to Mrs. Bailey on her nondisclosure claim based on a “should have known” standard. On the cross-appeal, Mrs. Bailey contends that the circuit court erred in finding that the Jensens did not have actual knowledge of the asserted material defects in the residence.
IY. FRAMING THE ISSUES
This case requires us to decide whether liability under the rule in Johnson may be based on a finding of the seller’s constructive knowledge of an undisclosed material defect instead of his or her actual knowledge. We conclude that to hold the seller liable under Johnson, the buyer must prove the seller’s actual knowledge of an undisclosed material defect. Accordingly, on the direct appeal, we reverse the circuit court’s final judgment finding the Jensens liable to Mrs. Bailey under a “should have known” standard.
On the cross-appeal, we affirm. The circuit court’s finding that the Jensens did not have actual knowledge of the asserted undisclosed material defects is supported by substantial, competent evidence, and the issue raised on the cross-appeal does not warrant further discussion. We turn now to an examination of the issue raised on the Jensens’ direct appeal concerning the knowledge element under Johnson.
Y. DISCUSSION
A nondisclosure claim under Johnson has four elements: (1) the seller of a home must have knowledge of a defect in the property, (2) the defect must materially affect the value of the property, (3) the defect must be not readily observable and must be unknown to the buyer, and (4) the buyer must establish that the seller failed to disclose the defect to the buyer. 480 So.2d at 629. Here, we address the first element, the seller’s knowledge of a defect in the property.
Notably, the only consideration pertinent to the seller’s state of mind under Johnson is knowledge of a defect materially affecting the value of the property at the time the seller enters into the contract with the buyer. Billian v. Mobil Corp., 710 So.2d 984, 988 (Fla. 4th DCA 1998). As the Fourth District has explained:
Johnson does not specify any state of mind element with regard to the act of non-disclosure for the cause of action it identifies.... Significantly, Johnson casts the cause of action in terms of “duty,” a concept drawn from the law of negligence. If the facts of a case give rise to a duty to disclose under Johnson, the seller’s state of mind motivating the failure to disclose is immaterial; the forgetful or unsophisticated seller is just as liable as the knowing dissembler.
Id. Thus the critical issue under the first element of liability under Johnson is the seller’s knowledge, not his or her intent. The question raised by this case is whether anything less than actual knowledge is sufficient to satisfy the first element.
The late Chief Justice Joseph Boyd dissented in Johnson, and he raised this question in his dissent. Chief Justice Boyd expressed his fear that the majority’s holding in Johnson would lead to “making the seller a guarantor of the good *984 condition of the property” and thus “significantly burden the alienability of property.” 480 So.2d at 631 (Boyd, C.J., dissenting). He predicted that the courts would ultimately construe Johnson’s requirement of actual knowledge to permit a finding of liability based on constructive knowledge:
The trend will proceed somewhat as follows. At first, the cause of action will require proof of actual knowledge of the undisclosed defect on the part of the seller. But in many cases the courts will allow it to be shown by circumstantial evidence. Then a rule of constructive knowledge will develop based on the reasoning that if the seller did not know of the defect, he should have known about it before attempting to sell the property. Thus the burden of inspection will shift from the buyer to the seller. Ultimately the courts will be in the position of imposing implied warranties and guaranties on all sellers of real property.
Id. This case proves that Chief Justice Boyd’s fear about the eventual effect of the majority’s holding in Johnson was not completely unjustified. Here, the circuit court found the Jensens liable to Mrs. Bailey in the absence of proof of their actual knowledge of the asserted material defects based on a “should have known” standard.
However, this court has consistently reversed judgments in favor of the buyer for nondisclosure under Johnson in the absence of proof of the seller’s actual knowledge of the defect. See Brown v. Carter, 13 So.3d 111, 113-14 (Fla. 2d DCA 2009); Spitale v. Smith, 721 So.2d 341, 345 (Fla. 2d DCA 1998); Slitor v. Elias, 544 So.2d 255, 258-59 (Fla. 2d DCA 1989). In Slitor, we said:
Johnson does not convert a seller of a house into a guarantor of the condition of the house. As we have said, to prove
a cause of action under Johnson, a buyer of a house must prove the seller’s knowledge of a defect which materially affected the value of the house. While knowledge in this regard can be proven by circumstantial evidence, it must nevertheless be proven by competent, sufficient evidence which, as we have explained, did not exist here.
Id. (citation omitted). Other Florida courts have recognized that liability for nondisclosure under Johnson requires proof of the seller’s actual knowledge of the defect. See Billian, 710 So.2d at 988 (“Johnson creates a duty to disclose where a seller knows of certain facts under circumstances giving rise to the duty.” (emphasis added)); Haskell Co. v. Lane Co., 612 So.2d 669, 674 (Fla. 1st DCA 1993) (quoting Slitor, 544 So.2d at 258, for the proposition that “Johnson does not convert a seller of a house into a guarantor of the condition of the house”).
In reaching a contrary conclusion, the circuit court relied on two cases, Nystrom v. Cabada, 652 So.2d 1266 (Fla. 2d DCA 1995), and Revitz v. Terrell, 572 So.2d 996 (Fla. 3d DCA 1990). The circuit court concluded that each of these cases supported the use of a “should have known” liability standard for nondisclosure claims under Johnson. We read these cases differently.
In the Nystrom case, Mr. Nystrom, acting as his own contractor, had constructed the residence in question and had occupied it for one year before selling it. 652 So.2d at 1267. Although Mr. Nystrom was not a licensed contractor, he had extensive experience in the construction industry and had performed all of the carpentry work in the house. Id. at 1268. After the buyer moved into the house, she discovered that it had numerous structural defects. Id. at 1267. An engineering firm issued a report concluding that the house “was a ‘hazard *985 ous building’ in regard to high-wind resistance.” Id. In the buyer’s action against Mr. and Mrs. Nystrom, the trial court ruled in favor of the buyer. Id. at 1268.
On appeal, this court affirmed the trial court’s finding of liability in favor of the buyer. Id. In upholding the trial court’s determination of the Nystroms’ liability, this court said: “Since the serious structural defects which the experts found to exist all arose from the carpentry, the record supports the finding that Mr. Nys-trom knew or should have known of these defects and had a duty to disclose them to [the buyer] under Johnson v. Davis, 480 So.2d 625 (Fla.1985).” Id. at 1268 (emphasis added).
To be sure, the Nystrom court used the questionable “should have known” language in stating its conclusion in favor of the buyer on the liability issue. However, the facts in Nystrom showed that Mr. Nystrom, who had extensive experience in construction, built the residence, performed all of the carpentry work, and lived in the residence for one year before selling it to the buyer. The problems in the house resulted directly from the defective carpentry that Mr. Nystrom personally performed. It follows that Mr. Nystrom certainly had to know about the serious defects in the home because he had built it and lived in it before selling it to the buyer. Under these circumstances, the Nystrom court’s use of the phrase “should have known” is a convenient or shorthand way to express the conclusion that the buyer established Mr. Nystroms’ actual knowledge of the defects in the property through circumstantial evidence. Nys-trom does not support using a “should have known” standard to find the Jensens liable for nondisclosure under Johnson on the very different facts in this case.
Revitz, the other case relied upon by the circuit court, involved a failure by the sellers’ real estate agent to disclose to the buyer defects in a residence relating to building code violations and the availability of low-cost flood insurance for the property. 572 So.2d at 996-97. The trial court ruled in favor of the sellers based on a finding that the undisclosed defects were not material as a matter of law. Id. at 998. On appeal, the Third District found that the trial court had used an incorrect test in determining that the undisclosed items were immaterial. Id. at 998-99. For this reason, the Third District reversed the final judgment for the sellers and remanded the case to the trial court for further proceedings. Id. at 999.
In Revitz, the trial court did not make any findings concerning the real estate agent’s knowledge of the undisclosed defects. Id. at 998 n. 6. Referring to the undisclosed problems, the Third District said that “[a]ssuming that the sellers’] agent knew, or reasonably should have known, ... there was a duty to disclose that fact to the buyer.” Id. at 998 (emphasis added). The Third District emphasized the evidence in the record tending to establish that the sellers’ agent must have known of the undisclosed defects. Id. at 998 n. 6. The emphasis in the opinion on this evidence suggests that the Revitz court, like the Nystrom court, was using the phrase “should have known” as a shorthand reference to circumstantial evidence establishing the agent’s actual knowledge. However, this question need not detain us. As the Third District said in its opinion, the basis for the reversal of the final judgment was “the trial court’s misinterpretation of Florida law” on the issue of whether the undisclosed defects were material. Id. It follows that the Third District’s discussion of the agent’s knowledge of the undisclosed defects was dicta. Accordingly, Revitz does not support the circuit court’s decision to base a determination of the Jensens’ liability on a *986 “should have known” standard. Furthermore, the circuit court was obligated to follow this court’s decisions in Brown, Spi-tale, and Slitor, which require proof of the seller’s actual knowledge of the defect to establish liability under Johnson.
VI. CONCLUSION
On the direct appeal, we reverse the final judgment in favor of Mrs. Bailey and remand for the entry of a final judgment in favor of the Jensens. On the cross-appeal, we find no error and affirm the circuit court’s finding that the Jensens had no actual knowledge of the asserted material defects.
Affirmed in part, reversed in part, and remanded with directions.
SILBERMAN, C.J., and CASANUEVA, J., Concur.