DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES M. SAGE** and **RIKI SAGE,**
Appellants,

v.

**SARVENAZ PAHLAVI,** individually and as Trustee of the
**SARVENAZ PAHLAVI LIVING TRUST U/A/D JUNE 10, 2015,**
Appellee.

No. 4D22-1566

[March 15, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 50-2021-CA-000118-XXXX-MB.

Gary J. Nagle of the Law Office of Gary J. Nagle, Juno Beach, for appellants.

George P. Ord of Murphy Reid, L.L.P., Palm Beach Gardens, for appellee.

DAMOORGIAN, J.

Charles Sage and Riki Sage ("Buyers") appeal the final summary judgment entered in favor of Sarvenaz Pahlavi, individually and as Trustee of the Sarvenaz Pahlavi Living Trust U/A/D June 10, 2015 ("Seller"), in the underlying breach of real estate contract and failure to disclose action. Buyers raise several issues on appeal. We affirm on all issues and write only to address Buyers' argument that Seller failed to adequately disclose the existence of a foundation settling issue.

The following undisputed material facts are pertinent to our analysis. Seller and Buyers entered into an "AS-IS" Residential Contract for the Sale and Purchase of a condominium unit. As part of the transaction, Seller completed a property disclosure form wherein Seller checked the "yes" box to the following relevant questions:

(i) Is any portion of the Association's property located seaward of the coastal construction control line?

(j) Does any past or present settling, soil movement, or sinkhole(s) affect any portion of the Association's property?

. . . .

(l) Has any additional structural reinforcement been added to any portion of the Association's property?

The property disclosure form also contained the following question and response from Seller:

(o) If any answer to questions 7(a)-7(n) is yes, please explain: <u>there is an assessment, part of which I paid.</u>

Both Seller and Buyers signed the property disclosure form.

Before the closing date, Buyers obtained their own inspection of the condominium which revealed the following: (1) "[e]xterior front wall by entry door has significant cracks in the concrete from apparent settlement—recommend elastomeric caulking repair by building maintenance for the condo association;" (2) "[t]here were visible shrinkage/settlement cracks on the exterior walls that should be addressed with elastomeric caulking by the Condo Maintenance;" and (3) "[t]here were minimal cracks in the flooring and walls of the interior of the unit."

After the sale was completed, Buyers sued for breach of contract and failure to disclose, arguing Seller "failed to disclose the existence of a foundation settling problem affecting the condominium building" and failed to disclose that there were "latent and material defects that materially affected the value of the real property." They also argued Seller was aware of the defective conditions and was "required to disclose the defect as a matter of law" under *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985).[1] Buyers later admitted during their depositions that they did not read or "pay attention" to the property disclosure form which they signed and did not read their own inspection report.

---

[1] In *Johnson v. Davis*, the Florida Supreme Court recognized a cause of action for fraudulent nondisclosure with real estate transactions, holding that "where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer. This duty is equally applicable to all forms of real property, new and used." *Id.* at 629.

2

Seller moved for summary judgment, arguing she disclosed the defect which was the subject of Buyers' claim. Furthermore, Seller argued Buyers' own inspection report, which Buyers ignored, also disclosed the alleged defect. Buyers filed a response to Seller's motion and a cross-motion for summary judgment in which they argued Seller's disclosure was inadequate. Following a hearing on the parties' motions, the trial court entered final summary judgment in favor of Seller, concluding Buyers "were sufficiently informed that a settling condition existed at the Condominium Property and that [Buyers] did not rely on [Seller's] disclosures in purchasing the Condominium Unit." This appeal follows.

As the final judgment in this case was entered after the summary judgment standard was amended, the new standard applies. *See In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 77 (Fla. 2021) (stating "the new rule must govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases").

> Under the amended rule, summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In applying the amended rule, the correct test for the existence of a genuine factual dispute is whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

*Lloyd S. Meisels, P.A. v. Dobrofsky*, 341 So. 3d 1131, 1134 (Fla. 4th DCA 2022) (internal citations and quotation marks omitted).

"A nondisclosure claim under *Johnson* has four elements: (1) the seller of a home must have knowledge of a defect in the property, (2) the defect must materially affect the value of the property, (3) the defect must be not readily observable and must be unknown to the buyer, and (4) the buyer must establish that the seller failed to disclose the defect to the buyer." *Jensen v. Bailey*, 76 So. 3d 980, 983 (Fla. 2d DCA 2011).

Here, the property disclosure form notified Buyers that a "portion of the Association's property" was "located seaward of the coastal construction control line," that there was "past or present settling, soil movement, or sinkhole" that affected a portion of the Association's property, and that "additional structural reinforcement" had been added to a portion of the Association's property. The form further disclosed that Seller paid an assessment relating to those issues. Moreover, Buyers also obtained their own inspection report which disclosed, in part, that cracks were visible on the exterior and interior walls "from apparent settlement." The property

3

disclosure form, in conjunction with the inspection report, more than sufficiently put Buyers on notice of the foundation settling issue, thereby triggering Buyers' duty to further investigate the information provided to them by Seller. *See Nelson v. Wiggs*, 699 So. 2d 258, 260–61 (Fla. 3d DCA 1997) (reiterating that "a buyer would be required to investigate any information furnished by the seller that a reasonable person in the buyer's position would investigate" and "take reasonable steps to ascertain the material facts relating to the property and to discover them—if, of course, they are reasonably ascertainable"). However, rather than inquiring into the disclosed possible foundation settling issue, Buyers took no action. In fact, Buyers did not even read the property disclosure form or the inspection report. Any reasonable due diligence on Buyers' part would have revealed essential and specific facts into the condominium's foundation settling problems prior to the purchase.

Under these circumstances, no actionable claim exists for nondisclosure under *Johnson* as a matter of law. *See Lorber v. Passick*, 327 So. 3d 297, 303 (Fla. 4th DCA 2021) (because buyer's nondisclosure claim was "not premised upon any misrepresentation, the failure of Buyer to exercise adequate diligent attention would be fatal to his claim"); *see also Pressman v. Wolf*, 732 So. 2d 356, 360–62 (Fla. 3d DCA 1999) (buyer's misrepresentation claim, which was premised on seller's failure to disclose known defects, was barred under *Johnson* because "the home's defects were readily observable and/or within the buyer's ability to know or easily discover"), *disapproved of on other grounds in M/I Schottenstein Homes, Inc. v. Azam*, 813 So. 2d 91 (Fla. 2002); *Wasser v. Sasoni*, 652 So. 2d 411, 412 (Fla. 3d DCA 1995) ("[A] misrepresentation is not actionable where its truth might have been discovered by the exercise of ordinary diligence.").

*Affirmed.*

GROSS and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**