## LASH v ALLSTATE INSURANCE COMPANY

Docket No. 162342. Submitted February 8, 1995, at Lansing. Decided April 21, 1995, at 10:00 A.M.

Ronald Lash brought an action in the Genesee Circuit Court against Allstate Insurance Company and Mary Yost, an Allstate agent, seeking a declaration that his motorcycle was insured by Allstate under a no-fault policy on April 25, 1991, when he was injured while operating the motorcycle. The plaintiff had secured from Yost on April 9, 1991, a temporary certificate of insurance, after having indicated that he had received no traffic citations within the prior three years. On the next day, Yost received a copy of the plaintiff's driving record that indicated that he had received on May 1, 1988, a citation for driving while impaired. Yost contacted the plaintiff and met with the plaintiff on April 15, 1991. At that meeting, although the plaintiff indicated that he had mistakenly believed that the citation had been issued more than three years before the date he applied for the policy, he signed a document stating that his application for insurance was void on that date at his request. Yost immediately returned the plaintiff's premium. Allstate denied benefits on the basis that the policy had been rescinded on April 15. Plaintiff argued that there had been no rescission, that the actions of April 15 had been an attempt at cancellation, and that the attempted cancellation was ineffective because he had not been given twenty days' notice as required by statute. The court, Donald R. Freeman, J., denied Allstate's motion for summary disposition, holding that there was a disputed question of fact whether the policy had been rescinded or whether there had been an attempt at cancellation. The defendants appealed.

The Court of Appeals *held:*

There is no issue of disputed material fact, and Allstate is entitled to judgment as a matter of law. Assuming that this

REFERENCES

Am Jur 2d, Automobile Insurance §§ 36-38.

Rescission or avoidance, for fraud or misrepresentation, of compulsory, financial responsibility, or assigned risk automobile insurance. 83 ALR2d 1104.

was a cancellation, the plaintiff's reliance on MCL 500.3224; MSA 24.13224 is misplaced. Cancellation of a no-fault policy is controlled by MCL 500.3020; MSA 24.13020, which provides for a ten-day notice of cancellation. Further, even the ten-day notice is not required where the insured consents to the cancellation. In any event, the policy in this case was rescinded rather than canceled. Rescission of a no-fault insurance policy by an insurer is proper where a material misrepresentation is made by the insured in the application for insurance, even where the misrepresentation is innocent, if, as here, the failure to allow rescission would result in the unjust enrichment of the insured. Because the trial court failed to rule upon Yost's motion for summary disposition, the matter must be remanded for consideration of that motion.

Reversed and remanded.

1. INSURANCE — NO-FAULT — CANCELLATION OF POLICY — NOTICE.

   The statutory ten-day notice of cancellation that must be given by an insurer before cancellation of an automobile no-fault insurance policy need not be given where the insured consents to the cancellation (MCL 500.3020; MSA 24.13020).

2. INSURANCE — NO-FAULT — RESCISSION — INNOCENT MISREPRESENTATIONS — UNJUST ENRICHMENT.

   Rescission of a no-fault insurance policy by the insurer is proper where a material misrepresentation is made by the insured in the application for insurance, even where the misrepresentation is innocent, if the failure to allow rescission would result in the unjust enrichment of the insured.

*Michael J. Mangapora, P.C.* (by *Robert D. Kent-Bryant*), for the plaintiff.

*Collison & Collison, P.C.* (by *Joseph T. Collison*), for the defendant.

Before: FITZGERALD, P.J., and TAYLOR and MARKMAN, JJ.

MARKMAN, J. This is a declaratory judgment action. Defendants appeal by leave granted from an order denying their motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse.

On April 9, 1991, plaintiff met with defendant

Yost, an insurance agent for defendant Allstate, and submitted an application for no-fault automobile insurance with Allstate on his motorcycle. In connection with the application, Yost asked plaintiff whether he had any traffic citations within the last three years, to which he responded "no." Plaintiff paid the premium, and Yost issued a temporary certificate of insurance. The next day Yost received a copy of plaintiff's driving record, which reflected that, on May 1, 1988, he had been issued a citation for operating a motor vehicle while impaired. Yost contacted plaintiff the following day to inform him that the citation was still on his record. Yost asked plaintiff to discuss the matter with her in person as soon as possible. Plaintiff and Yost met on April 15, 1991, at which time Yost told plaintiff that he was ineligible for insurance with Allstate. She informed him that the Allstate policy could be canceled that day or that he could leave it up to Allstate to reject the application. Plaintiff told Yost that he had made a mistake about the date of his citation and that he honestly believed that the citation was issued before April 9, 1988. Although Yost gave plaintiff an insurance quote with the Michigan Automobile Insurance Placement Facility, plaintiff declined this insurance. Plaintiff signed a document stating that his application for insurance was "void effective April 15, 1991 9:20 AM per insureds request" and Yost immediately returned plaintiff's premium. Ten days later, plaintiff was involved in an accident with his motorcycle and sought benefits through Allstate. When Allstate refused to pay no-fault benefits, plaintiff filed this suit, alleging breach of contract by Allstate and negligence by Yost.

Allstate moved for summary disposition, arguing that there was no insurance coverage in effect at

the time of the accident. Allstate contended that plaintiff's application for insurance coverage had been voided and rescinded effective April 15, 1991. Plaintiff argued that the policy was not rescinded and that his and Yost's actions were an attempt at cancellation of the policy. He contended that the cancellation was ineffective, however, because he had not been given twenty days' notice of cancellation in accordance with MCL 500.3224; MSA 24.13224. The trial court denied Allstate's motion, ruling that there was a question of material fact whether Allstate had rescinded the policy or canceled it. Although Yost had also moved for summary disposition of the negligence count, the trial court did not rule on that motion.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, and other documentary evidence available to it and grant summary disposition if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A party opposing a motion brought under MCR 2.116(C)(10) may not rest upon the mere allegations or denials in that party's pleadings, but must by affidavit, deposition, admission, or other documentary evidence set forth specific facts showing that there is a genuine issue for trial. *McCormic v Auto Club Ins Ass'n,* 202 Mich App 233, 237; 507 NW2d 741 (1993). This Court is liberal in finding a genuine issue of material fact. Nonetheless, where the opposing party fails to come forward with evidence, beyond allegations or denials in the pleadings, to establish the existence of a material factual dispute, the motion is properly granted. *Id.*

Having reviewed the record, we conclude that there is no issue of material fact and that Allstate

is entitled to judgment as a matter of law. We first note that plaintiff's reliance on MCL 500.3224; MSA 24.13224 is misplaced. Assuming that a cancellation of the no-fault automobile policy is involved, MCL 500.3020; MSA 24.13020, rather than MCL 500.3224; MSA 24.13224, governs. Section 3020 provides for a ten-day, not a twenty-day, notice of cancellation. *American States Ins Co v Auto Club Ins Ass'n,* 193 Mich App 248, 251-252; 484 NW2d 1 (1992). Further, under § 3020, an insurer need not give the ten days' written notice of cancellation where the insured consents to the cancellation. *Blekkenk v Allstate Ins Co,* 152 Mich App 65, 71; 393 NW2d 883 (1986). In this case, the form plaintiff signed clearly indicates that he requested the policy be "void." There is nothing to suggest that plaintiff was coerced into signing the statement. Because plaintiff intended to cancel and Allstate accepted that cancellation, the cancellation was effective.

Moreover, the contract at issue was rescinded, and for this reason also the trial court should have granted summary disposition. This Court has outlined the nature of rescission:

> To rescind a contract is not merely to terminate it, but to abrogate and undo it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made. Rescission necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it. But this by itself would constitute no more than a breach of the contract or a refusal of performance, while the idea of rescission involves the additional and distinguishing element of a restoration of the *status quo.*

*Cunningham v Citizens Ins Co of America,* 133 Mich App 471, 479; 350 NW2d 283 (1984). It is well-settled that a material misrepresentation made in an application for no-fault insurance entitles the insurer to rescind the policy. *Auto-Owners Ins Co v Johnson,* 209 Mich App 61; 530 NW2d 485 (1995); *Farmers Ins Exchange v Anderson,* 206 Mich App 214, 218; 520 NW2d 686 (1994); *Katinski v Auto Club Ins Ass'n,* 201 Mich App 167, 170; 505 NW2d 895 (1993); *Auto-Owners Ins Co v Comm'r of Ins,* 141 Mich App 776, 779-780; 369 NW2d 896 (1985). Plaintiff, pointing to dicta in *Cunningham, supra,* argues that this rule only applies when the insured makes an intentional misrepresentation in the application for insurance. In *Cunningham,* we noted the distinction between situations involving intentional misrepresentations and other "mistakes or ministerial errors" but specifically declined to address whether the general rule would apply to situations of innocent misrepresentations. *Cunningham, supra* at 476, n 1, 477. We now hold that rescission was appropriate under the facts of this case.

Rescission is justified in cases of innocent misrepresentation if a party relies upon the misstatement, because otherwise the party responsible for the misstatement would be unjustly enriched if he were not held accountable for his misrepresentation. *Britton v Parkin,* 176 Mich App 395, 398-399; 438 NW2d 919 (1989). This is true, even as in this case, if it was a mutual mistake of fact. *Id.* In this case, the belief that plaintiff had no traffic citations related to a basic assumption of the parties upon which the contract was made and materially affected the parties' performances. Allstate would not have issued the policy had it known about plaintiff's citation because plaintiff would have been ineligible under its guidelines. Plaintiff

should not be unjustly enriched at Allstate's expense because of his misrepresentation, even accepting that it was innocent. *Id.*. Accordingly, rescission was appropriate and the trial court erred in denying Allstate's motion for summary disposition.

Although Yost also moved for summary disposition of plaintiff's negligence claim, the trial court failed to specifically rule on the motion. Therefore, this issue is not properly before this Court and should be considered by the trial court on remand. *Smit v State Farm Mutual Automobile Ins Co,* 207 Mich App 674, 685; 525 NW2d 528 (1994).

Reversed and remanded. We do not retain jurisdiction.