# STATE OF MICHIGAN

# COURT OF APPEALS

MELVERN CHAPMAN and SANDRA
GALLIMORE,

UNPUBLISHED
May 12, 2016

Plaintiffs-Appellees,

v

No. 326283
Clinton Circuit Court

ROBERT RINN and PENNY RINN,

LC No. 14-011331-CH

Defendants-Appellants.

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendants, Robert and Penny Rinn, appeal as of right the trial court's order granting summary disposition to plaintiffs, Melvern Chapman and Sandra Gallimore, under MCR 2.116(C)(10). The trial court determined that the Rinns wrongfully retained ownership of a 1950 pickup truck after the parties' land purchase agreement fell through and awarded Chapman and Gallimore the $30,075 value of the truck. We reverse and remand.

## I. FACTUAL BACKGROUND

The parties entered into a purchase agreement on December 15, 2013, in which they agreed that the Rinns would sell Chapman and Gallimore a parcel of land in exchange for $101,000 and a 1950 pickup truck:

> Buyer agrees to purchase from seller property located at:
> Bennington township Shiawassee county . . .
>
> Payment for property is as follows:
> $101,000.00 one hundred and one thousand
> 1950 pickup truck . . .
>
> Buyer agrees to complete sale in 30 days.
> Seller may extend time if needed.

The Rinns picked up the truck, but afterwards, Chapman and Gallimore canceled the purchase agreement. The parties dispute the reason why Chapman and Gallimore canceled the contract, which revolves around whether the property exists on a flood plain. Chapman and Gallimore

-1-

filed suit, claiming that the Rinns had breached the purchase agreement and wrongfully retained the truck. The Rinns answered that Chapman and Gallimore, not the Rinns, breached the purchase agreement, the truck was a down payment on the property that they should not have to return and, in the alternative, they did not intend to retain the truck, but requested compensation for moving it, storing it, and changing its title.

Chapman and Gallimore moved for summary disposition under MCR 2.116(C)(10), asserting that the only material factual dispute was the value of the truck. The Rinns responded that questions of fact included whether the truck was intended as a down payment, whether Chapman and Gallimore breached the purchase agreement, and whether they should be compensated for storing and maintaining the truck. The trial court granted Chapman and Gallimore's motion for summary disposition, determining that because it was undisputed that Chapman and Gallimore had backed out of the contract and the Rinns retained the truck, there were no genuine issues of material fact regarding any issue but damages.

At the hearing on damages, Tom VanBlaricom testified that he appraised the truck on December 17, 2014, and determined that it was worth $31,500. Robert Rinn testified that he had spent $4,373.75 moving, storing, and acquiring title for the truck, and he did not want to keep it. He also stated that he had been to many classic car shows and thought the truck was worth $8,000 to $9,000. Chapman and Gallimore also stated that they did not want the truck back, but rather wanted its fair market value as damages. The trial court awarded Chapman and Gallimore the truck's appraised value.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116.

## III. ANALYSIS

The Rinns contend that the trial court erred by granting summary disposition to Chapman and Gallimore when genuine questions of material fact existed regarding whether they wrongfully retained the truck. We agree that the trial court improperly granted summary disposition. However, we note that the Rinns' contention regarding venue is without merit.[1]

---

[1] An objection to venue is waived if a party fails to raise it in a timely manner. MCR 2.221(C). "A motion for change of venue must be filed before or at the time the defendant files an answer." MCR 2.221(A). In this case, the Rinns failed to raise whether venue was proper in Shiawassee

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). Thus, an essential element of a breach of contract claim is that the other party breached the contract. In this case, the parties disputed which of them breached the contract—Chapman and Gallimore asserted that the Rinns breached the contract by failing to disclose material facts about the property, and the Rinns asserted that Chapman and Gallimore breached it by wrongfully refusing to purchase the property. The parties' motions presented opposing evidence on whether the property was located in a flood plain. Viewing the evidence in the light most favorable to the Rinns, reasonable minds could differ regarding which party breached the contract.

Additionally, the parties disputed whether the contract provided that the truck was a down payment. While the trial court could have determined this as a matter of law, see *AFSCME v Detroit*, 267 Mich App 255, 261-262; 704 NW2d 712 (2005), at no point in its brief decision did the trial court determine the parties' intent from the contractual language and analyze or explain whether the parties' contract contemplated the truck as a down payment.

Accordingly, we conclude that a genuine issue of material fact on the second element of a breach of contract precluded the trial court from granting summary disposition.

Even had the trial court properly granted summary disposition, its remedy was improper. The trial court stated its intent to return the parties to their status quo, which implicates the equitable doctrine of rescission. A party to a purchase agreement may rescind the agreement in cases of misrepresentation by refusing to close on the property. *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 640; 534 NW2d 217 (1995).

> Rescission necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it. But this by itself would constitute no more than a breach of the contract or a refusal of performance, while the idea of rescission involves the additional and distinguishing element of a restoration of the status quo. [*Lash v Allstate Ins Co*, 210 Mich App 98, 102; 532 NW2d 869 (1995) (quotation marks and citation omitted).]

Rescission of a contract is warranted where there is "a material breach affecting a substantial or essential part of the contract." *Omnicom of Mich v Giannetti Inv Co*, 221 Mich App 341, 348; 561 NW2d 138 (1997). The trial court should consider a variety of factors before granting rescission, including (1) whether damages adequately compensate the injured party, (2) the comparative hardship in terminating the contract, (3) the willfulness of the breaching party's conduct, and (4) uncertainty regarding whether a party will perform the remainder of a contact. *Id*.

---

County until their response to Chapman and Gallimore's motion for summary disposition. The trial court properly determined that the Rinns had waived any challenge to venue.

In this case, the trial court gave no reason for imposing rescission rather than general contractual damages.  The only testimony at the hearing regarded the value of the truck, leaving the trial court's decision to rescind the contract unsupported.  Additionally, a proper rescission restores *both* parties to their precontractual positions—that is, a rescission would return the truck to Chapman and Gallimore, while the real property remained with the Rinns.  To require the Rinns to essentially purchase the truck from Chapman and Gallimore at fair market value as a result of breaching a purchase agreement would be a highly unusual remedy, and the trial court must provide a legal justification for this remedy on remand if it intends to impose it.

We reverse and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.  As the prevailing party, the Rinns may tax costs.  MCR 7.219(A).

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell

-4-