*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KM, by her Guardian and Conservator, JALINA MAYO,

       Plaintiff,

v

PROGRESSIVE MARATHON INSURANCE COMPANY,

       Defendant-Appellee,

and

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

       Defendant-Appellant,

and

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,

       Defendant-Appellee.

UNPUBLISHED
March 28, 2024

No. 367097
Wayne Circuit Court
LC No. 21-010974-NF

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

PER CURIAM.

Defendant, Nationwide Mutual Fire Insurance Company (Nationwide Insurance), the insurer assigned by the Michigan Automobile Insurance Placement Facility (MAIPF), appeals as of right, challenging an order granting summary disposition in favor of codefendant, Progressive Marathon Insurance Company (Progressive Insurance), in this priority dispute regarding the payment of personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et*

-1-

*seq.*, to an innocent third party following rescission of the no-fault insurance policy because of fraud. We vacate and remand for further proceedings.

## I. BACKGROUND

On August 26, 2021, plaintiff, Jalina Mayo as guardian and conservator for KM, filed a lawsuit seeking first-party no-fault benefits against Progressive Insurance arising from injuries KM sustained in an automobile accident on February 20, 2021. At that time, plaintiff averred, KM did not own a motor vehicle but was a resident relative of Martiyawna Jackson, her niece, who was insured by Progressive Insurance, but Progressive Insurance refused to pay PIP benefits on KM's behalf.

In its initial disclosures filed under MCR 2.302, Progressive Insurance stated that KM was not entitled to PIP benefits under Jackson's policy because "Jackson misrepresented material facts in connection with the procurement of the policy thereby voiding *ab initio* and any applicable coverage under it." Thus, that policy was rescinded back to the date of inception and Jackson was refunded the premiums she had paid.

Thereafter, plaintiff filed her first amended complaint adding, in Count II, a claim against MAIPF. Plaintiff averred that, on the date of the accident, KM did not own an automobile and did not reside with a resident relative who owned an automobile with a valid insurance policy. Plaintiff further stated that on April 6, 2021, an application for placement was filed but to date no PIP benefits had been paid.

In its initial disclosures filed under MCR 2.302, MAIPF stated that sufficient proof of loss had not been presented to support plaintiff's claim and no medical records, bills, or other submissions were provided before the filing of the amended complaint or to date. But, on information and belief, it appeared that KM resided with a resident relative insured with Progressive Insurance on the date of the accident; thus, plaintiff had not proven to be eligible either for assignment or payment of no-fault benefits through MAIPF.

On August 5, 2022, Progressive Insurance filed its motion for summary disposition under MCR 2.116(C)(10), arguing that no genuine issue of fact existed that KM was not entitled to first-party no-fault benefits under the policy of insurance issued to Martiyawna Jackson. More specifically, Progressive Insurance stated that Jackson acquired the insurance on February 6, 2021, at which time she indicated in her application for insurance that she was the only resident in her household. However, after the subject accident, an investigation revealed that at least three other relatives lived with Jackson, including KM and Jackson's parents. The application for insurance included a provision which stated: "I understand that this policy may be rescinded and declared void if this application contains any false information or if any information that would alter the Company's exposure is omitted or misrepresented." Because Jackson made material misrepresentations when procuring the insurance policy, Progressive Insurance was entitled to, and did, rescind the policy which voided the policy *ab initio* and Jackson was refunded the premiums she paid—which she accepted without objection or dispute. Accordingly, the policy issued by Progressive Insurance afforded no PIP coverage for the benefit of KM. And despite KM being an "innocent third party," the balancing test set forth in *Bazzi v Sentinel Ins Co*, 502 Mich

390, 410-412; 919 NW2d 20 (2018), supported its rescission decision. Therefore, Progressive Insurance argued, it was entitled to summary disposition of plaintiff's claim.

On August 23, 2022, MAIPF filed a motion for summary disposition under MCR 2.116(C)(10), arguing that Progressive Insurance was highest in priority to pay PIP benefits on behalf of KM, despite its attempt to rescind the policy of insurance it issued to Martiyawna Jackson. Thus, plaintiff was not entitled to relief against MAIPF under MCL 500.3172(1)(b) because applicable PIP insurance can be identified. Accordingly, MAIPF was entitled to summary disposition of plaintiff's claim.

On September 29, 2022, MAIPF filed a response to Progressive Insurance's motion for summary disposition, arguing that it was entitled to summary disposition, not Progressive Insurance. MAIPF referred to Martiyawna Jackson's deposition testimony that she was not told by representatives from Progressive Insurance when she was applying for insurance that she had to disclose the names of other residents living in the same house. Thus, MAIPF argued, there was a question of fact as to whether a material misrepresentation was made by Jackson when she procured the insurance policy. And the balancing of the equities in this case, MAIPF argued, did not favor rescission of the insurance policy because (1) Jackson was not informed when applying for the policy that people who would not be driving her vehicle had to be disclosed and so there was no intent to defraud; (2) KM had no idea that Jackson was obtaining car insurance and had no input in that regard; (3) KM was merely a passenger in a vehicle—which was not Jackson's insured vehicle—when the accident occurred and did nothing to cause the accident or her injuries; (4) KM sustained severe and life-altering injuries requiring indefinite medical treatment which would be covered under the Progressive Insurance policy that provides unlimited PIP benefits while the insurer assigned by MAIPF would be limited to providing only $250,000 in PIP benefits; and (5) the policy premium for six months of coverage under the Progressive policy would only have been $252 more if Jackson would have disclosed that other people lived in the house and Progressive could have simply reformed the policy and sought that premium, instead of rescinding the policy that was issued only two weeks before the accident occurred. Accordingly, MAIPF argued, Progressive Insurance should be required to provide coverage in this case and was not entitled to summary disposition; rather, MAIPF was entitled to summary disposition.

Plaintiff responded to Progressive Insurance's motion for summary disposition, arguing that KM was an innocent third party in this matter and entitled to PIP benefits because she was in a motor vehicle accident and sustained "severe and debilitating injuries, including a severe traumatic brain injury which has left her unable to communicate, unable to independently swallow, and requiring in-patient care for the rest of her life." Contrary to Progressive Insurance's argument, rescission was not automatic under the law; rather, it is an equitable remedy and should not be granted where the result would be unjust or inequitable—which was the case under the circumstances presented here. The balancing of the equity factors—as set forth in *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 411; 952 NW2d 586 (2020)—did not favor rescission of the Progressive Insurance policy as against KM, who is an innocent third party. Thus, plaintiff argued, Progressive Insurance's motion for summary disposition should be denied.

Plaintiff also responded to MAIPF's motion for summary disposition raising similar arguments and requesting the trial court to determine whether Progressive Insurance or an insurer to be assigned by MAIPF was responsible for paying KM's PIP no-fault benefits.

Progressive Insurance filed a response to MAIPF's motion for summary disposition, arguing that KM was uninsured on the date of the accident and no identifiable policy of insurance existed under which KM could seek no-fault benefits; thus, MAIPF was the highest in priority in regard to the payment of no-fault benefits. Progressive Insurance refunded Martiyawna Jackson's premiums and she accepted those funds, therefore, a mutual rescission of their contract occurred. Accordingly, MAIPF's motion for summary disposition must be denied.

By orders dated October 14, 2022, the trial court, without oral argument, granted Progressive Insurance's motion for summary disposition and denied MAIPF's motion for summary disposition, holding that "there was a mutuality of rescission which rendered the contract void ab initio and there exists an alternative means for Plaintiff to obtain no-fault benefits. MAIPF is therefore first in priority and must assign the claim within 30 days."

MAIPF filed a motion for reconsideration, arguing that the trial court made a palpable error and a different disposition would result from its correction because (1) the court failed to weigh all of the equities as required before granting rescission and the equities did not weigh in favor of rescission, (2) the court improperly held that mutual rescission was automatically binding against an innocent third party, and (3) the court improperly concluded that an alternate avenue of recovery was available to KM through the assigned claims because it would provide less, and insufficient, coverage.

On December 19, 2022, plaintiff's second amended complaint was filed, adding Nationwide Insurance as a defendant and the insurer assigned by MAIPF to be responsible for plaintiff's claim for no-fault benefits on behalf of KM.

On January 23, 2023, the trial court entered an order denying MAIPF's motion for reconsideration, holding MAIPF did not demonstrate that a palpable error occurred or that a different disposition must result from correction of the error.

On July 12, 2023, a revised order for approval of settlement and authorizing distribution of settlement proceeds was entered by the trial court, which was a final order and disposed of plaintiff's claims. The order indicated that the parties had reached a settlement with regard to the payment of no-fault benefits, costs, and attorney fees for which Nationwide Insurance was ordered to pay.

Thereafter, Nationwide Insurance filed its claim of appeal with this Court, challenging the trial court's orders granting Progressive Insurance's motion for summary disposition and denying MAIPF's motions for summary disposition and for reconsideration.

On appeal, Nationwide Insurance argues that the trial court's failure to balance the equities of enforcing Progressive Insurance's alleged rescission of its policy as to the claims of KM, an innocent third party, resulted in the court's erroneous conclusion that Progressive Insurance was not the highest in priority for the payment of PIP no-fault benefits on behalf of KM.[1] We agree.

---

[1] MAIPF adopted the arguments set forth in Nationwide Insurance's brief on appeal.

## II. ANALYSIS

### A. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition brought under MCR 2.116(C)(10) is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion brought under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). After considering the documentary evidence submitted by the parties in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

The equitable remedy of rescission is "granted only in the sound discretion of the court." *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020) (quotation marks and citation omitted). When a decision falls outside the range of reasonable and principled outcomes or when an error of law is made, an abuse of discretion has occurred. *Id.*

### B. APPLICABLE LAW

Under MCL 500.3114(1), a personal protection insurance policy "applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." However, "a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in subsection (1) shall claim personal protection insurance benefits under the assigned claims plan under [MCL 500.3171 to 500.3175]." MCL 500.3114(4).

In this case, the primary dispute concerns whether the personal protection insurance policy obtained by Martiyawna Jackson, KM's niece, from Progressive Insurance applies to KM as a relative domiciled in the same household. Progressive Insurance successfully argued in its motion for summary disposition that Jackson made material misrepresentations when she procured the insurance policy by failing to disclose in her application that her parents and her aunt, KM, also lived in the same household; accordingly, it was entitled to refund the premiums paid and rescind the policy which voided that policy *ab initio* and, because Jackson accepted the refunded premiums, it was a mutual rescission. The trial court held, without any informative analysis, that "there was a mutuality of rescission which rendered the contract void ab initio and there exists an alternative means for Plaintiff to obtain no-fault benefits."

While it is true that rescission is an equitable remedy which may be available to an insurer when an insurance policy is procured by fraud,[2] the insurer does not have an absolute right to

---

[2] An insurer is entitled to seek rescission of the policy when a material misrepresentation was made in an application for insurance, regardless of whether the misrepresentation was intentional as long as it was relied upon by the insurer. *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 445-446; 889 NW2d 759 (2016); *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995).

-5-

rescind the policy. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 408-409; 919 NW2d 20 (2018). When an innocent third party is involved, the issue whether an insurer may rescind the policy is left to the trial court's discretion—after the court balances the equities to determine whether rescission is warranted. *Id*. at 410-411. Rescission should not be granted "where the result thus obtained would be unjust or inequitable[.]" *Id*. at 410. And the facts that the defrauded insurer refunded the insured the premiums paid and those funds were accepted, i.e., there was a mutual rescission, does not relieve the trial court of its obligation to balance the equities before extending the mutual rescission of the no-fault insurance policy, as an equitable remedy, to the claims of an innocent third party. *Univ of Mich Regents v Mich Auto Ins Placement Facility*, 340 Mich App 196, 203-206; 986 NW2d 152 (2022).

As set forth in *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 410-411; 952 NW2d 586 (2020), there are five nonexclusive factors for a trial court to consider when balancing the equities between a defrauded insurer and an innocent third party. These factors are:

> (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party. [*Id*. at 411.]

As this Court explained in *Farm Bureau Gen Ins Co of Mich v ACE American Ins Co*, 337 Mich App 88, 108; 972 NW2d 325 (2021), the factors are "not to be merely counted up;" rather, they are to be weighed to determine which innocent party—the injured party or the insurance company seeking rescission—should bear the loss. See, also, *Wright*, 331 Mich App at 414. The insurer seeking rescission has the burden to show that rescission is warranted. *ACE American Ins Co*, 337 Mich App at 100, 108.

In this case, the trial court appears to have concluded that, because Progressive Insurance rescinded Jackson's no-fault insurance policy, refunding the premiums paid, and Jackson accepted the refund, there was a mutual rescission and a balancing of the equities was not required. This constituted an error of law, and thus, the trial court abused its discretion. See *Wright*, 331 Mich App at 405. As stated above, because the claim for no-fault benefits involved an innocent third party, KM, the trial court was required to balance the equities between Progressive Insurance, as a defrauded insurer, and KM, as an innocent third party, before deciding whether to extend the mutual rescission so as to nullify the obligations arising under the no-fault insurance policy as to KM. See *Univ of Mich Regents*, 340 Mich App at 203-206; see also *Mendelson Orthopedics PC v Everest Nat'l Ins Co*, 328 Mich App 450, 462; 938 NW2d 739 (2019).

This is not a case where the injured party seeking PIP benefits is the named insured who made the allegedly fraudulent misrepresentation and would be unjustly enriched if rescission was not permitted; rather, KM is an innocent third party. See, e.g., *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012); *Hammoud v Metro Prop & Cas Ins Co*, 222 Mich App 485, 488; 563 NW2d 716 (1997); *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995). Here,

the trial court was required to, but did not, consider and weigh the factors relevant to determine whether equity favored rescission of the Progressive Insurance no-fault policy as to KM. While the trial court seemingly referenced one of those factors, i.e., the availability of an alternate avenue for recovery if the insurance policy is not enforced, that brief reference alone is wholly insufficient to demonstrate that the proper analysis was undertaken by the trial court. Therefore, we vacate the trial court's orders granting summary disposition in favor of Progressive Insurance and denying MAIPF's motions for summary disposition and for reconsideration. This matter is remanded for the trial court to evaluate and balance the equities between Progressive Insurance and KM before deciding whether to extend the mutual rescission of the no-fault insurance policy to KM, an innocent third party. The burden is on Progressive Insurance to show that such rescission is warranted. See *ACE American Ins Co*, 337 Mich App at 100, 108.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Allie Greenleaf Maldonado