*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIM BRADLEY,

      Plaintiff-Appellant,

v

WESTFIELD INSURANCE COMPANY,

      Defendant,

and

AMERICAN SELECT INSURANCE COMPANY,

      Defendant-Appellee.

FOR PUBLICATION
July 11, 2024

No. 365828
Wayne Circuit Court
LC No. 21-010576-NF

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

JANSEN, J. (*dissenting*).

For the following reasons, I respectfully dissent. I would affirm summary disposition in favor of defendant, American Select Insurance Company, under MCR 2.116(C)(10) because there is no genuine issue of material fact that the evidence was sufficient to establish fraud in the procurement of the insurance policy by plaintiff's mother, Clementine Bradley, and therefore, the rescission of the policy was valid.

In this matter, Clementine had an automobile insurance policy issued by defendant. However, plaintiff lived with Clementine, and had permission to drive Clementine's car, but plaintiff was not listed as a driver on the insurance policy. While driving the covered vehicle, plaintiff was in an accident in Kentucky, and sought to recover personal injury protection (PIP) benefits from defendant. Because Clementine failed to disclose plaintiff as a household member and driver of the covered vehicle, defendant rescinded Clementine's policy on the basis of fraud, and refunded her premiums. Plaintiff filed suit, and the trial court granted defendant summary disposition because the evidence was sufficient to establish that Clementine had notice that she had to disclose that plaintiff lived with her, but failed to do so, thereby establishing fraudulent

procurement of the insurance policy, resulting in proper rescission by defendant. This was not in error.

PIP benefits are mandated by the Michigan no-fault act, MCL 500.3101 *et seq.*, and the act governs the rights and limitations of PIP coverage, *Meemic Ins Co v Fortson*, 506 Mich 287, 297-298; 954 NW2d 115 (2020). An insurer must establish common-law fraud to support rescission of mandatory PIP coverage based on misrepresentations in the procurement of the policy. *Id*. at 304-305 & n 12. Fraud in the inducement occurs "when a misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved." *Id*. at 306 n 13 (quotation marks and citation omitted). Actionable fraud requires a showing that: "(1) the alleged fraudulent party made a material representation; (2) the representation was false; (3) the person making the representation knew it was false or acted recklessly in making the statement; (4) the person intended that the opposing party should act upon the representation; (5) the opposing party acted in reliance upon it, and so (6) suffered injury." *Howard v LM Gen Ins Co*, 345 Mich App 166, 173; 5 NW3d 46 (2023). A misrepresentation is material if the insurer would not have issued the policy in the manner or at the rate at which it was issued if the insurer had known of the misrepresentation or nondisclosed fact. See *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 253-254; 632 NW2d 126 (2001). A statement by the insurer that it would not have issued the policy had it known the undisclosed information is sufficient to establish that the misrepresentation was material. See *Lash v Allstate Ins Co*, 210 Mich App 98, 103-104; 532 NW2d 869 (1995).

In my opinion, there is no genuine issue of material fact that there was fraud in the inducement. The application for insurance completed by Clementine had a block entitled "Drivers," and although plaintiff lived with Clementine and had permission to drive the vehicle Clementine sought to insure, Clementine only listed her own name and information. The application further stated, "In making this application for insurance, it is understood that as part of our underwriting procedure, an investigative consumer report containing driving record information may be obtained for *each driver in the household*." (Emphasis added). The policy ultimately issued to Clementine stated that she agreed to notify defendant if any changes were made during the policy period, including the requirement that she "promptly notify" defendant if "[a]ny operators are added to or leave your household." Clementine testified that she never attempted to add plaintiff to the policy. The policy was renewed twice without adding plaintiff's name before plaintiff's accident occurred. Defendant indicated to Clementine in its rescission letter that had it known that plaintiff was a resident of her household, it would not have issued Clementine's policy because plaintiff had a suspended license, rendering her an ineligible driver. These facts establish the elements of common-law fraud. As such, defendant properly rescinded Clementine's policy, precluding recovery of PIP benefits by plaintiff. *Meemic*, 506 Mich at 304-305 & n 13; *Howard*, 345 Mich App at 173. Therefore, I would affirm summary disposition in defendant's favor.

/s/ Kathleen Jansen